```
UNITED STATES COURT OF INTERNATIONAL TRADE
--------------------------------------------------------------------------------X
BASF CORPORATION,                                    :
                               Plaintiff,            :
                                                         Court No. 13-00318
         v.                                          :
UNITED STATES,                                       :
                               Defendant.            :
--------------------------------------------------------------------------------X
```

## COMPLAINT

Plaintiff BASF Corporation, by its attorneys Barnes, Richardson & Colburn, LLP., hereby alleges as follows:

### FIRST CAUSE OF ACTION

1. The Court's jurisdiction is invoked pursuant to 28 U.S.C. § 1581(a).

2. Plaintiff, BASF Corporation, is the importer of record of the subject merchandise and is the party-in-interest in this action.

3. This action has been timely filed and all liquidated duties, taxes, and fees have been paid.

4. The imported merchandise that is the subject of this complaint is an ethyl ester oil extracted from fish and sold as Omevital® 3322 EE, Omevital® 400200 EE Mix Toc; Omevital® 4510 EE, and Omevital® 3426 EE (hereafter the "imported merchandise").

5. Omevital® 3322 EE is at least 93 percent ethyl esters rich in omega-3 fatty acids, with an Eicosapentaenoic acid ("EPA") and Docosahexaenoic acid ("DHA") content of approximately 600 mg/g, and less than seven percent partial glycerides, oligomers, and triglycerides.

6. Omevital® 400200 EE Mix Toc is at least 93 percent ethyl esters rich in omega-3 fatty acids, with an EPA and DHA content of approximately 680 mg/g, and less than seven percent partial glycerides, oligomers, and triglycerides.

7. Omevital® 4510 EE is at least 93 percent ethyl esters rich in omega-3 fatty acids, with an EPA and DHA content of approximately 550 mg/g, and less than seven percent partial glycerides, oligomers, and triglycerides.

8. Omevital® 3426 EE is at least 93 percent ethyl esters rich in omega-3 fatty acids, with an EPA and DHA content of approximately 620 mg/g, and less than seven percent partial glycerides, oligomers, and triglycerides.

9. The imported merchandise results when fish oil is converted from its triglyceride state to an ethyl ester state via transesterification, whereby the fish oil is mixed with ethanol and a catalyst.

10. The three fatty acids of the triglyceride react with the ethanol and are cleaved free from the glycerol backbone.

11. The resulting oil consists of three fatty acid ethyl esters, two of which are saturated or monosaturated, and one that is a polyunsaturated omega-3 ethyl ester.

12. Additional distillation and concentrating steps concentrate the omega-3 ethyl esters by removing the other two saturated or monosaturated ethyl esters.

13. The ethyl ester fish oil is purified to remove pigments, environmental pollutants, and other impurities.

14. Natural mixed tocopherols, in the form of vitamin E, are added to the imported merchandise as an antioxidant.

15. Animal oils consist of esters of glycerol with fatty acids, which are triglycerides.

16. Triglycerides are not the predominate chemical constituent of the imported merchandise, as each of the imported merchandise is at least 93 percent ethyl ester, of which the omega-3 polyunsaturated fatty acids EPA and DHA range from 55 percent to 65 percent.

17. *Jedwards Int'l, Inc. v. United States*, 161 F. Supp. 3d (CIT 2016) (hereafter "*Jedwards*") held that krill oil consisting 53 percent the of omega-3 polyunsaturated fatty acids EPA and DHA, 23 percent triglycerides, 8 percent free fatty acids, 3 percent mono and diglycerides, 7 percent water, 1.7 percent sodium chloride, and astaxanthin was classified in subheading 1603.00.90, Harmonized Tariff Schedule of the United States ("HTSUS") as "[e]xtracts and juices of meat, fish or crustaceans . . . other than clam juice."

18. The *Jedwards* court determined that Chapter 15 of the HTSUS was limited to animal and vegetable oils and fat, and that because the krill oil was 53 percent the omega-3 polyunsaturated fatty acids EPA and DHA and only 23 percent triglycerides it could not be classified as a matter of law in any heading in Chapter 15 as an animal oil because the triglycerides were not the predominate chemical constituent of the krill oil.

19. The *Jedwards* court held that classification under heading 3824, HTSUS, was legally unsustainable because the krill oil was "elsewhere specified or included" in heading 1603 as an extract – "'a preparation containing the essence of the substance from which it is derived.'" *Jedwards* at 1358, *quoting*, *Marcor Development Corp. v. United States,* 926 F. Supp. 1124, 1132-33 (CIT 1996).

20. The imported merchandise is a preparation containing the essence of the fish from which it was derived.

21. Customs classified the imported merchandise under subheading 3824.90.40 (HTSUS 2011) or 3824.90.41 (HTSUS 2012) as "Prepared binders for foundry molds or cores;

3

chemical products and preparations of the chemical or allied industries (including those consisting of mixtures of natural products), **not elsewhere specified or included**: . . . Other: Other: Fatty substances of animal or vegetable origin and mixtures thereof: Mixtures of fatty acid esters") (emphasis added), dutiable at 4.6 percent *ad valorem*.

22. The imported merchandise is properly classifiable as "Extracts and juices of meat, fish or crustaceans . . . other than clam juice" under subheading 1603.00.90, free of duty.

23. Because the imported merchandise is classifiable under subheading 1603.00.90, it is not classifiable under subheading 3824.90.40 because it is "elsewhere specified or included."

Wherefore, the Plaintiff requests judgment sustaining its claim herein, ordering a reliquidation of the imported merchandise under HTSUS subheading 1603.00.90, and ordering a refund of all excess duties paid, with interest as provided by law, and for such further relief as the Court may deem just and proper.

        Respectfully submitted,

        BARNES, RICHARDSON & COLBURN, LLP.
        Attorneys for Plaintiff
        100 William Street, Suite 305
        New York, New York 10038
        Tel: (212) 725-0200, ex. 126

        By:  s/_____
            Frederic D. Van Arnam, Jr.

Dated: October 27, 2021
      New York, New York