UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: JOSEPH A. LAROSKI, JR., JUDGE

| | |
|---|---|
| BASF CORPORATION, | : |
| Plaintiff, | : |
| v. | : Consol. Court No. 13-00318 |
| UNITED STATES, | : |
| Defendant. | : |

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION FOR RECONSIDERATION**

BRETT A. SHUMATE
Assistant Attorney General

PATRICIA M. McCARTHY
Director

JUSTIN R. MILLER
Attorney-In-Charge
International Trade Field Office

*Of Counsel:*
Michael A. Anderson
Office of the Assistant Chief Counsel
International Trade Litigation
U.S. Customs and Border Protection

LUKE MATHERS
Trial Attorney
Department of Justice, Civil Division
Commercial Litigation Branch
26 Federal Plaza, Room 346
New York, New York 10278
(212) 264-9236

Dated: July 23, 2025

*Attorneys for Defendant*

## **TABLE OF CONTENTS**

ARGUMENT ............................................................................................................................... 2

    I.    The Court's Overly Broad Definition of "Extracts"—Which BASF Fails to Defend—Justifies Reconsideration ................................................................................................... 2

    II.    The Court's Oversight of the Composition of the Subject Merchandise—Synthesized Ethyl Esters Containing Ethanol but Lacking Any Commercially Relevant Taste or Odor of Fish—Justifies Reconsideration ................................................................................. 4

CONCLUSION ............................................................................................................................ 7

# TABLE OF AUTHORITIES

**Cases**

*Apple Inc. v. United States*,
   964 F.3d 1087 (Fed. Cir. 2020) .................................................................................... 3

*Canadian Solar Int'l Ltd. v. United States*,
   471 F. Supp. 3d 1379 (Ct. Int'l Trade 2020) ................................................................ 3

*Ford Motor Co. v. United States*,
   30 C.I.T. 1587 (2006) ................................................................................................... 5

*Home Depot U.S.A., Inc. v. United States*,
   915 F.3d 1374 (Fed. Cir. 2019) .................................................................................... 6

*Jedwards Int'l Inc. v. United States*,
   161 F. Supp. 3d 1354 (Ct. Int'l Trade 2016) ..................................................... 2, 3, 4, 5

*Marcor Dev. Corp. v. United States*,
   926 F. Supp. 1124 (Ct. Int'l Trade 1996) ................................................................. 2, 4

*Rico Import Co. v. United States*,
   12 F.3d 1088 (Fed. Cir. 1993) ...................................................................................... 5

*Shamrock Bldg. Materials, Inc. v. United States*,
   119 F.4th 1346 (Fed. Cir. 2024) ................................................................................... 6

*Shrader v. CSX Transp., Inc.*,
   70 F.3d 255 (2d Cir. 1995) ........................................................................................... 3

*Worthington v. Robbins*,
   139 U.S. 337 (1891) ..................................................................................................... 5

**Harmonized Tariff Schedule of the United States**

General Rule of Interpretation 1 ............................................................................................ 6

General Rule of Interpretation 3(b) .................................................................................... 5, 6

Heading 1603 ............................................................................................................... 1, 2, 4

Heading 2106 ........................................................................................................................ 2

**Other Authorities**

Explanatory Note 16.03 ..................................................................................................... 2, 3

UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: JOSEPH A. LAROSKI, JR., JUDGE

|  |  |
|---|---|
| BASF CORPORATION, | : |
| Plaintiff, | : |
| v. | : Consol. Court No. 13-00318 |
| UNITED STATES, | : |
| Defendant. | : |

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION FOR RECONSIDERATION**

Defendant, the United States (the Government), moved for reconsideration of this Court's decision that classified plaintiff BASF Corp.'s synthesized ethyl esters used as dietary supplements under a tariff provision for extracts and juices of meat and fish. The Government explained that the Court's decision appeared to (1) classify the merchandise other than in its imported state and (2) overlook that the sources it relied on in construing "extracts" in heading 1603 supported the Government's plain-meaning interpretation of the term, rather than the decision's broad standard that would cover any product ultimately derived from fish. ECF No. 87 (Mot.).

BASF's main defense is not that the Government is wrong but instead that the Government already has raised these points. *See* ECF No. 88 (Resp.). The standard for reconsideration, however, is not whether an argument has been raised but rather whether it has been considered. And BASF has no response to the Government's points that the decision's standard for "extracts" is overbroad, that the decision appears to have overlooked the non-residual quantities of ethanol in the merchandise, and that the merchandise lacks any

commercially relevant taste or odor.  BASF thus does not dispute that these crucial points of law and fact have been overlooked, and reconsideration is warranted.  The Court should accordingly grant reconsideration and enter judgment in the Government's favor.

## ARGUMENT

I. **The Court's Overly Broad Definition of "Extracts"—Which BASF Fails to Defend—Justifies Reconsideration**

The Court's decision concluded that the standard for "extracts" is "whether color, taste, and odor remain in the imported product and whether the imported product is sufficiently similar to the source in objective terms, such as by consisting of predominantly the same substance and form." Slip Op. 25-54 at 14.  But as the Government pointed out in its motion for reconsideration, the sources that the Government raised on summary judgment conclusively show that BASF's ethyl esters cannot be "extracts."  Explanatory Note 16.03 provides that fish extracts must be similar to "meat extracts," which are "common flavoring additive[s]"— something that the Court's decision did not discuss, even though it relied on a portion of the explanatory note for a separate point.  Mot. at 3–5 (quoting Explanatory Note 16.03 and Gov't Ex. 5).  Nor did the Court's decision acknowledge that, unlike the product at issue in *Jedwards Int'l Inc. v. United States*, 161 F. Supp. 3d 1354 (Ct. Int'l Trade 2016) (and like the product at issue in *Marcor Dev. Corp. v. United States*, 926 F. Supp. 1124 (Ct. Int'l Trade 1996)), the subject merchandise does *not* "*only* contain[] substances that are naturally occurring in [fish]," 161 F. Supp. 3d at 1358.  Mot. at 9.  In sum, *Marcor*, *Jedwards*, and Explanatory Note 16.03— read in their totality—all show that BASF's merchandise is not an "extract" of heading 1603 but rather a food preparation of heading 2106.

BASF's primary response is not a defense of the classification of the imported merchandise but rather a complaint that the Government has already raised these arguments in its

cross-motion for summary judgment, in its reply in support of that motion, and at oral argument. Resp. at 5–9. But this misunderstands the standard for reconsideration. The standard is whether the argument was *overlooked*, *Canadian Solar Int'l Ltd. v. United States*, 471 F. Supp. 3d 1379, 1382 (Ct. Int'l Trade 2020), not just whether the argument was preserved. For instance, in *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995), reconsideration was proper where the moving party pointed to "numerous" supporting points (including statements in legislative history and additional caselaw) "which the district court had not discussed in its original ruling," even though that ruling had already decided the legal issue on which reconsideration was sought. The same is true here: although this Court's decision classified BASF's ethyl esters, it did not discuss Explanatory Note 16.03 (with the exception of half of one sentence), meat extracts, or *Jedwards*'s naturally-occurring-substances requirement.

     As a fallback, BASF suggests that the Court's decision did somehow address all these authorities because it cited the Government's reply brief and discounted the Government's interpretation as "too restrictive." Resp. at 7–9. But this one citation and one phrase is too slender a reed to support BASF's argument. If this meant that the Court's decision found Explanatory Note 16.03 unpersuasive, for instance, then the decision would not have relied on a portion of that same explanatory note elsewhere as support. *See* Slip Op. 25-54 at 18 n.4. And even so, such an inconsistency in the decision's treatment of an explanatory note would itself warrant reconsideration. *See, e.g.*, *Apple Inc. v. United States*, 964 F.3d 1087, 1096 (Fed. Cir. 2020) (rejecting "a faulty reading of" an explanatory note).

     Most importantly, though, BASF fails to respond to the Government's argument that the "extracts" standard in the Court's decision is too expansive and would cover, among other things, fish meal, cans of tuna, frozen fish dinners, fish oil, and biodiesel, Mot. at 3. *See*

3

*generally* Resp. BASF's silence, alone, shows that reconsideration is warranted. The most BASF can muster is *ipse dixit*—that the Court's decision was somehow "consistent with the way courts have construed the tariff for hundreds of years," Resp. at 9, without citing any supporting authority for that statement. And as discussed, the Court's decision *conflicts* with this Court's prior decisions in *Marcor* and *Jedwards*, and the explanatory notes. Accordingly, reconsideration is warranted, especially in light of BASF's failure to analyze the overly broad interpretation of "extracts" reflected in the Court's decision, in response to the Government's arguments.

II.  **The Court's Oversight of the Composition of the Subject Merchandise—Synthesized Ethyl Esters Containing Ethanol but Lacking Any Commercially Relevant Taste or Odor of Fish—Justifies Reconsideration**

Regardless of the correct interpretation of heading 1603, the Court's decision overlooked the composition of the subject merchandise at importation. Specifically, the Court's decision stated that BASF's preparations "consist[] almost entirely of substance[s] (*fatty acids*, glycerides, oligomers, and triglycerides) found in the fish source," Slip Op. 25-54 at 14 (emphasis added), and that they had "less than 1 percent of additives" total in the form of tocopherols, *id.* at 15. *See also id.* at 18–19 (stating that "the imported merchandise consists of: fatty acids derived from the source; glycerides, oligomers, and triglycerides that occur naturally in the crude fish oil; and no more than 1 percent added tocopherol to prevent oxidation"). As the Government explained in its motion, this description of the merchandise is inaccurate. Mot. at 5–10. The merchandise instead consists of artificial ethyl esters, which in turn contain non-residual quantities of ethanol. *Id.* Thus, even under the standard for "extracts" set forth in the Court's decision, BASF's merchandise cannot be classified under heading 1603. *Id.*

Again, BASF notes that the Government already raised these arguments, Resp. at 10–13, but notably fails to respond to the Government's arguments that the Court overlooked the presence of ethyl esters (rather than free fatty acids) and non-residual quantities of ethanol in the subject merchandise, *see id.* That BASF remains silent as to the Government's points demonstrates that the Court inadvertently overlooked the undisputed facts concerning the merchandise.

And instead of defending the Court's description of the merchandise, BASF suggests that the Court determined that the merchandise's "essence was imparted in large part by the fatty acids present in the imported merchandise[.]" *Id.* at 11–13. But that suggestion, if true, shows that there has been a "clear factual or legal error" that requires reconsideration. *Ford Motor Co. v. United States*, 30 C.I.T. 1587, 1588 (2006). Under longstanding precedent, the merchandise must be classified in "the condition in which it is imported." *Rico Import Co. v. United States*, 12 F.3d 1088, 1090 (Fed. Cir. 1993) (quoting *Worthington v. Robbins*, 139 U.S. 337, 341 (1891)). The merchandise, as imported, consists of unnatural ethyl esters of fatty acids that contain non-residual amounts of ethanol—*not* fatty acids. But the Court's decision classified the merchandise as if it contained just naturally occurring fatty acids, without explaining how the ethyl esters and non-residual ethanol contained within them do not affect the analysis. *Cf. Jedwards*, 161 F. Supp. 3d at 1357–58 (emphasizing that the product at issue "*only* contain[ed] substances that are naturally occurring in krill" except for "residual amounts of ethanol solvent left over from the manufacturing process").

The only way the Court could have reached the conclusion that BASF says it did would be to rely on General Rule of Interpretation (GRI) 3(b), which provides that the Court can classify the merchandise as if it consisted of the "material or component" that imparts its

5

"essential character."[1]  But GRI 3(b) applies only if the preceding GRIs are inapplicable.  *Home Depot U.S.A., Inc. v. United States*, 915 F.3d 1374, 1380 (Fed. Cir. 2019).  Here, classification can be resolved under GRI 1, so resort to an "essential character" analysis under GRI 3(b) is prohibited.  Thus, if BASF is right that the Court did consider the merchandise's essential character, thereby ignoring both the sequential order of the GRIs and the merchandise's condition as imported, then the Court's decision contains a clear legal error that should be corrected through reconsideration.

      Finally, BASF also fails to respond to the Government's point that the merchandise's nearly non-existent taste and odor is commercially insignificant, Mot. at 9–10.  *See* Resp. at 11–13.  That is because it has no response.  Its own expert acknowledged that whatever taste or odor is contained in the merchandise commonly is masked with lemon or other flavorings.  Mot. at 9–10.  The Court's decision overlooked this undisputed fact, suggesting that because the merchandise had even a "minimal" fish taste and odor, it could qualify as an "extract."  *See* Slip Op. 25-54 at 18–19.  But in overlooking this fact, the Court's decision inadvertently contravened Federal Circuit authority providing that merchandise must have "commercially significant" properties required by a heading.  *Shamrock Bldg. Materials, Inc. v. United States*, 119 F.4th 1346, 1353 (Fed. Cir. 2024).  As such, reconsideration is warranted—particularly given BASF's failure to defend the analysis of any of these matters in the Court's decision.

---

[1] Even under a GRI 3(b) analysis, however, the "material or component" that imparts the merchandise's essential character is the ethyl ester molecule as a whole, not its submolecular portions.

## CONCLUSION

For these reasons, the Government respectfully requests that the Court grant the Government's motion for reconsideration, enter judgment in the Government's favor, and order reliquidation of the subject entries under subheading 2106.90.99, HTSUS (2011 and 2012) or 2106.90.98, HTSUS (2018), depending on the date of entry.

                                                    Respectfully submitted,

                                                    BRETT A. SHUMATE
Assistant Attorney General

PATRICIA M. McCARTHY
Director

/s/ Justin R. Miller
JUSTIN R. MILLER
Attorney-In-Charge
International Trade Field Office

*Of Counsel:*                               /s/ Luke Mathers
Michael A. Anderson                 LUKE MATHERS
Office of the Assistant Chief Counsel    Trial Attorney
International Trade Litigation           Department of Justice, Civil Division
U.S. Customs and Border Protection    Commercial Litigation Branch
                                                  26 Federal Plaza, Room 346
                                                  New York, New York 10278
                                                  (212) 264-9236
Dated: July 23, 2025                    *Attorneys for Defendant*

UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: JOSEPH A. LAROSKI, JR., JUDGE

| | |
|---|---|
| BASF CORPORATION, | |
| Plaintiff, | |
| v. | Consol. Court No. 13-00318 |
| UNITED STATES, | |
| Defendant. | |

**CERTIFICATE OF COMPLIANCE**

I hereby certify that this brief complies with type-volume limitation under USCIT Standard Chamber Procedure 2(B) because it contains 1,766 words.

/s/ Luke Mathers
LUKE MATHERS