Slip-Op 25-123

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| BASF CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES <br><br> Defendant. | Before: Joseph A. Laroski, Jr., Judge <br><br><br> Consol. Court No. 13-00318 |

[Denying Defendant's Motion for Reconsideration.]

## OPINION AND ORDER

Dated: September 22, 2025

Frederic Deming Van Arnam, Jr. and Ashley J. Bodden, Barnes, Richardson & Colburn, LLP, of New York, N.Y., for Plaintiff BASF Corporation.

Luke Mathers, Trial Attorney, U.S. Department of Justice, Civil Division, of New York, N.Y., for Defendant United States. With him on the brief were Yaakov M. Roth, Acting Assistant Attorney General, Brett A. Shumate, Assistant Attorney General, Patricia M. McCarthy, Director, and Justin R. Miller, Attorney-in-Charge. Of counsel on the brief was Michael A. Anderson, Office of the Assistant Chief Counsel, International Trade Litigation, U.S. Customs and Border Protection.

Laroski, Judge:

      Defendant United States ("Government") moves for reconsideration of the court's decision in BASF Corp. v. United States, 778 F. Supp. 3d 1367 (CIT 2025), pursuant to United States Court of International Trade ("CIT") Rule 59. Def. Mot.

for Recon. of Slip Op. 25-54, ECF No. 85 (May 30, 2025) ("Def. Mot."). In that decision, the court granted BASF Corporation's ("BASF") motion for summary judgment, denied the Government's cross-motion for summary judgment, and held that BASF's fish oil ethyl ester concentrates are properly classified as "extract of fish" under Harmonized Tariff Schedule ("HTSUS") heading 1603.00.90. BASF, 778 F. Supp. 3d at 1380. The court's previous opinion sets forth the facts of this case. See id. at 1370–80. The court presumes familiarity with that decision.

A motion for reconsideration will be granted "only in limited circumstances," such as "1) an error or irregularity, 2) a serious evidentiary flaw, 3) the discovery of new evidence which even a diligent party could not have discovered in time, or 4) an accident, unpredictable surprise or unavoidable mistake which impaired a party's ability to adequately present its case." Target Stores v. United States, 471 F. Supp. 2d 1344, 1347 (CIT 2007). The court may exercise discretion in deciding whether to grant a motion for reconsideration. See, e.g., id. A motion for reconsideration will not be granted "merely to give a losing party another chance to re-litigate the case or present arguments it previously raised." Totes-Isotoner Corp. v. United States, 580 F. Supp. 2d 1371, 1374 (CIT 2008) (citation omitted).

The Government contends that the court erred in two respects: (1) the court "overlooked that fish extracts must 'have characteristics similar to those of meat extracts,' Explanatory Note 16.03"; and (2) "the [court's] prior classification analysis is at odds with the stipulated fact that BASF's preparations are *not* fatty acids." Def. Mot. at 1–2. For the reasons noted below, these arguments are unpersuasive.

On the first point, the Government argues that the court's interpretation of HTSUS heading 1603 ("heading 1603") is not in line with the plain meaning of the text or the intention of the drafters. Id. at 3. In the Government's view, the term "extract" should be construed to mean "flavoring additives" because Explanatory Note ("EN") 16.03 mentions that extracts "'are used for making certain food preparations such as soups . . . and sauces.'" Id. at 4 (citing EN 16.03). The Government also contends that the court overlooked the EN language that "'such extracts therefore have characteristics similar to those of meat extracts,'" id., and cites to an encyclopedia entry to suggest that "meat extracts" are best understood to mean "common flavoring additives." Id. (citations omitted).

Contrary to the Government's claims, the court considered and rejected the Government's argument that the term "extract" means "flavoring." See BASF, 778 F. Supp. 3d at 1374–78 (discussing the Government's restrictive view of "extract" after the court examined sources, including the nonbinding EN 16.03 and previous CIT decisions, to conclude that flavor components like taste are but one factor among many in determining whether a product is an "extract"). Thus, the Government attempts to re-litigate an argument previously addressed.

Next, on its second point, the Government argues that the court's description of BASF's merchandise is "inconsistent with the stipulated and undisputed facts." Def. Mot. at 5 (contending the court misunderstood the contents of BASF's product as imported). Here, the Government fails to identify a "fundamental or significant flaw" in the court's decision. See Target Stores, 471 F. Supp. 2d at 1347. The

court's discussion of BASF's merchandise was well-supported by the statement of undisputed material facts. For example, the court repeatedly referenced paragraphs 19–28, 34, and 36 of the statement of undisputed facts. BASF, 778 F. Supp. 3d at 1377. Indeed, the court's description directly noted:

> The nature of this chemical process does not remove the imported merchandise from heading 1603, as the fatty acids in the imported merchandise 'are the same EPA and DHA that were present in the triglyceride molecules prior to the creation of the ethyl ester molecules through transesterification.'

Id. (quoting Joint Statement of Material Facts at ¶ 34). This reference to the undisputed facts was one of many that the court used to support its decision. Likewise, the court considered and rejected the Government's argument regarding the significance of the ethanol reaction that yielded the ethyl esters in BASF's product, and the court's prior analysis reflected consideration of the facts to which the Government stipulated. See Def. Mot. at 8; see also BASF, 778 F. Supp. 3d at 1378. The Government's disagreement here merely represents an attempt "to re-litigate the case or present arguments it previously raised," Totes-Isotoner Corp., 580 F. Supp. 2d at 1374, which is not sufficient for reconsideration.

      For the foregoing reasons, the Government's motion is denied.

                                                         /s/    Joseph A. Laroski, Jr.
                                                  Joseph A. Laroski, Jr., Judge

Dated:     September 22, 2025
               New York, New York